**Janice SCHMIDT, Appellant,**

v.

**METROPOLITAN UTILITIES DISTRICT, Appellee.**

No. 08–1097.

United States Court of Appeals, Eighth Circuit.

Submitted: May 18, 2009.

Filed: May 27, 2009.

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

PER CURIAM.

Janice Schmidt appeals the district court's[1] adverse grant of summary judgment in this employment-discrimination action against her former employer, Metropolitan Utilities District, asserting violations of the Americans with Disabilities Act (ADA). Upon careful de novo review, *see Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir.2006) (standard of review), we conclude that summary judgment was proper.

We agree with the district court that Schmidt failed to establish a prima facie case because she failed to make a sufficient

---

1. The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

showing that she was "disabled" within the meaning of the ADA: while her knee injury impacted her ability to walk, it did not "substantially limit" that major life activity. *See* 42 U.S.C. § 12102(1) (defining disability); *Gretillat v. Care Initiatives,* 481 F.3d 649, 653 (8th Cir.2007) (major life activities include walking, but difficulty walking long distances is not disability under ADA); *Nuzum v. Ozark Auto. Distribs., Inc.,* 432 F.3d 839, 846–48 (8th Cir. 2005) ("substantially limited" means limited considerably or to large degree; to assess substantiality of limitation, nature, severity, duration, and impact must be examined); *Schuhardt v. Washington Univ.,* 390 F.3d 563, 566 (8th Cir.2004) (defendant is entitled to summary judgment if plaintiff failed to make sufficient showing on essential element of her case); *Wood v. Crown Redi–Mix, Inc.,* 339 F.3d 682, 684 (8th Cir.2003) (prima facie case under ADA).

Even if Schmidt had established an ADA–qualifying disability, she failed to create a trialworthy issue as to whether she could have performed the essential functions of her position. *See Alexander v. Northland Inn,* 321 F.3d 723, 727 (8th Cir.2003) (ADA plaintiff has burden to prove he can perform essential functions of job with reasonable accommodation); *Dropinski v. Douglas County,* 298 F.3d 704, 709–10 (8th Cir.2002) (job restructuring is possible accommodation under ADA, but employer need not reallocate or eliminate essential functions of job); *see also Lee v. Spellings,* 447 F.3d 1087, 1088–89 (8th Cir. 2006) (court may affirm on any basis supported by record).

Accordingly, we affirm.